MR. JUSTICE MORRISON,
dissenting in part:
I concur in all aspects of the majority opinion except for issue one in the LaMere appeal. This partial dissent is addressed only to that issue.
LaMere properly noticed alibi witnesses. These witnesses placed LaMere in Wallace, Idaho on October 2 and 3, 1981. The crime is alleged to have occurred on October 3rd.
The State could destroy the alibi defense and totally undermine LaMere’s credibility by showing that LaMere received medical attention at St. James Community Hospital in Butte at 10:30 p.m. on October 2, 1981. Rather than reveal this evidence, the State sought to trap LaMere. *167 LaMere was permitted to present his alibi witnesses showing he was in Wallace, Idaho, on October 2 and 3. These witnesses testified on Friday, March 5. On Monday, March 8, the State notified LaMere that the rebuttal witnesses would be presented. LaMere’s testimony was already in the record. A continuance would have availed LaMere nothing. His defense was about to be destroyed and no continuance could have changed that.
It certainly can be effectively argued that LaMere got exactly what was coming to him. He apparently presented a false alibi and the State was permitted to expose the perjury. Under these circumstances justice would seem to have been served.
As an appellate jurist I had no right to disregard clear statutory law, regardless of result. Section 46-15-301(3), MCA provides as follows:
“For the purpose of notice only and to prevent surprise, the prosecution shall furnish to the defendant and file with the clerk of the court no later than five days before trial or at such later time as the court may for a good cause permit a list of witnesses the prosecution intends to call as rebuttal witnesses to the defenses of justifiable use of force, entrapment, compulsion, alibi, or the defense that the defendant did not have a particular state of mind that is an essential element of the offense charged.” (emphasis supplied).
The facts are undisputed. The State did not furnish a timely notice. No good cause was shown. In my opinion we have no alternative but to reverse LaMere’s conviction and remand for a new trial.
The majority opinion seeks to explain good cause on the basis that the defense did not apprise the prosecution of what the alibi witnesses were going to testify about and therefore the State is excused from noticing rebuttal witnesses. The law does not require the defense to apprise the prosecution of the substance of an alibi witness’ testimony. The law only requires that the defense give notice of the witnesses. This was done. The State had every right to in *168 terview the witnesses and if they refused to be interviewed then the State could take their depositions pursuant to 46-15-201, MCA.
There simply is no basis for the State’s noncompliance with the notice statute. The State, in violation of the specific provisions of the statute, was permitted to “ambush” the defendant with surprise witnesses.
I must confess that I personally feel that LaMere was shown to be guilty. Under these circumstances it is always tempting to apply the “clearly guilty” rule. Nevertheless, the statute is clear and I have no alternative but to vote for a reversal.
MR. JUSTICE SHEA joins in the dissent.